UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 19-cv-22281-BLOOM/Louis

SEYED M. MOGHANI,

    Plaintiff,
v.

THE REPUBLIC OF EQUADOR, et al.,

    Defendants.
_____/

## ORDER ON APPLICATION TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Short Form), ECF No. [3] (the "Motion"). The Court has carefully considered the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied without prejudice.

Plaintiff, a *pro se* litigant, has not paid the required filing fee and has moved to proceed *in forma pauperis.* ECF No. [3]. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525

F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*In forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Income Level for Individuals Eligible for Assistance, 82 Fed. Reg. 10442 (Feb. 13, 2017). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

The Court is unable to determine from Plaintiff's application submitted to proceed without prepaying fees or costs whether he satisfies the requirements of poverty. First, the application appears to be internally inconsistent. It states that Plaintiff's gross pay or wages are $1,000.00 per hour and that his take-home pay or wages are $10.00 per hour. ECF No. [3] at 1. Additionally, the application is incomplete. Plaintiff failed to indicate "Yes" or "No" the prompt "[a]ny other

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

source" regarding income received in the past 12 months. *Id.* The Court cannot make a determination that Plaintiff qualifies as indigent under § 1915 to proceed *in forma pauperis* based on the application submitted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Short Form), **ECF No. [3]**, is **DENIED WITHOUT PREJUDICE.**

2. Plaintiff must submit the Application to Proceed In District Court Without Prepaying Fees or Costs (**Long Form**) or pay the required filing fee no later than **June 21, 2019.** Failure to comply with this Order will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 7, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Seyed M. Moghani
9513 SW 125th Terrace
Miami, FL 33176